UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
RODOLFO LOVATO and
LISA LOVATO,
    Debtors.                                    No. 7-07-10287 SA

MICHAEL J. CAPLAN,
    Plaintiff,
v.                                               Adv. No. 07-1051 S

RODLOFO LOVATO, LISA LOVATO,
JOHN GOMEZ and TAMARA GOMEZ,
    Defendants.

### MEMORANDUM OPINION ON PLAINTIFF'S
### MOTION FOR SUMMARY JUDGMENT

    This matter is before the Court on Plaintiff's Motion for
Summary Judgment.  Plaintiff, the Chapter 7 Trustee for Rodolfo
and Lisa Lovato, is represented by Velarde & Pierce (Chris W.
Pierce).  This adversary proceeding seeks to recover the
fraudulent transfer of certain real property deeded to defendants
Tamara Gomez and John Gomez, and to preserve the property for the
estate.  The Clerk entered default as to John Gomez and Tamara
Gomez on August 31, 2007.  Therefore, only Rodolfo and Lisa
Lovato remain as defendants.  This is a core proceeding.  28
U.S.C. § 157(b)(2)(E).

    Federal Rule of Civil Procedure 56(c) provides, in part,
"The judgment sought shall be rendered forthwith if the
pleadings, depositions, answers to interrogatories, and
admissions on file, together with the affidavits, if any, show
that there is no genuine issue as to any material fact and that
the moving party is entitled to a judgment as a matter of law."

NM LBR 7056-1 states, in part:

> A party opposing the motion shall, within 20 days after service of the motion, file a written memorandum containing a short, concise statement in opposition to the motion with authorities. If no such responsive pleading is filed, the court may grant the motion for summary judgment.
> ...
> A memorandum in opposition to the motion shall contain a concise statement of the material facts as to which the party contends a genuine issue does exist. Each fact in dispute shall be numbered, shall refer with particularity to those portions of the record upon which the opposing party relies, and shall state the number of the movant's fact that is disputed. All material facts set forth in the statement of the movant shall be deemed admitted unless specifically controverted.

Because Defendant did not file a timely response to the Motion the Court "may" grant the Motion. Furthermore, because no material fact set forth in movant's statement was specifically controverted, all of those facts are deemed admitted. Therefore, there are no genuine issues as to any material fact, and the Court's only duty is to determine whether the movant is entitled to judgment as a matter of law. See Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996):

> The fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically. Such a motion may properly be granted only if the facts as to which there is no genuine dispute "show that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

See also Maldonado v. Ramirez, 757 F.2d 48, 50 (3rd Cir. 1985)(A response is not essential to defeat a motion that does not

Page -2-

satisfy movant's initial burden. (<u>Citing</u> <u>Adickes v. S.H. Kress &</u>
<u>Co.</u>, 398 U.S. 144, 160-61 (1970).)); <u>Griffith v. Realty</u>
<u>Executives, Inc. (In re Griffith)</u>, 6 B.R. 750, 751 (Bankr. D.
N.M. 1980)("In addition, the moving party has the burden of
showing that it is entitled to judgment as a matter of law.")

 Plaintiff's Motion is in proper form and follows NM LBR
7056-1.  It contains a statement of undisputed material facts,
with references to the record.  In the record are: 1) Trustee's
First Interrogatories, Requests for Production and Requests for
Admission to Rodolfo and Lisa Lovato with two exhibits; 2)
Defendants Rodolfo Lovato and Lisa Lovato's Answers to
Interrogatories, responses to Requests for Production, and
Responses to Requests for Admission; and 3) Certified copy of
Judgment entered in <u>Sanchez v. Lovato et al.</u>, No. CV-2003-03571,
Second Judicial District, Bernalillo County, New Mexico.

 The undisputed facts are:

1. On February 8, 2007, Rodolfo Lovato and Lisa Lovato,
   ("Debtors") commenced the above-captioned voluntary
   bankruptcy case under Chapter 7 of the United States
   Bankruptcy Code.  Michael J. Caplan was appointed as the
   Chapter 7 Trustee in this case and continues in that
   capacity.

2. At all material times herein, Defendants Lovato were and are
   individuals who reside, are domiciled, have their principal

Case 07-01051-s    Doc 20    Filed 11/29/07    Entered 11/29/07 16:01:42 Page 3 of 10

place of business or their principal assets in the State of New Mexico.

3. The Court has jurisdiction over the subject matter herein and the parties to this action. This action is a core proceeding under 28 U.S.C. §1334 and 28 U.S.C. §157(b)(2)(E) and (H). Venue is proper in this Court.

4. On April 17, 2003, the Debtors granted a Warranty Deed to Tamara and John Gomez for the following described property in Valencia County, New Mexico (the "Property"): Land of Rodolfo H. and Lisa A. Lovato, Tract 1C1 and 1C2, 1.56 AC, Map 71.

5. The Warranty Deed for the Property was recorded in the Office of the County Clerk, Valencia County, New Mexico on June 4, 2003, Bk. 348, Pg. 1060. A true and correct copy of the Warranty Deed is attached to the Amended Complaint as Plaintiff's Exhibit 1.

6. The granting and delivery of the Warranty Deed by the Debtors to Tamara and John Gomez was a transfer (hereinafter, the "Transfer").

7. The Debtors received no consideration from Tamara and John Gomez in exchange for the Transfer.

8. Defendants Lovato received a letter dated April 5, 2003, from Gerald Bloomfield, attorney for the Plaintiff, in which

Mr. Bloomfield made certain demands on behalf of creditor Albert Sanchez.

9.  Defendants Lovato were aware that Albert Sanchez held claims against them for damages prior to the transfer of the Real Property on April 17, 2003.

10. Creditor Albert Sanchez's claim arose before the Transfer was made. See above Undisputed Material Facts Nos. 4, 8 and 9. The Transfer occurred on April 17, 2003; the demand letter was sent on April 5, 2003, Defendants admitted that they were aware that Albert Sanchez held claims against them prior to the Transfer.

11. The Debtors made the Transfer without receiving a reasonably equivalent value in exchange for the Transfer.

12. The Debtors were insolvent at the time of the Transfer or became insolvent as a result of the Transfer.

13. The Transfer was to an insider, as Defendant Tamara Gomez is the Debtors' daughter.

14. Defendants Lovato did not have the financial ability to comply with Mr. Bloomfield's demands, although they deny the responsibility to do so.

15. Defendant Rodolfo Lovato sent Albert Sanchez a letter dated March 18, 2003, in which he stated, inter alia, that he lost his home to foreclosure and was not in a position to pay for

Case 07-01051-s    Doc 20    Filed 11/29/07    Entered 11/29/07 16:01:42 Page 5 of 10

the completion of Albert Sanchez's home as of March 18, 2003.

16. On October 8, 2006, the Second Judicial District Court, County of Bernalillo, State of New Mexico, in Cause No. CV-2003-03571, Albert Sanchez v. Rodolfo Lovato, d/b/a Universal Builders; Tomas Torres, d/b/a General Construction Maintenance; and Robert Puckett, d/b/a Design 5 (the "State Court Lawsuit"), entered judgment in favor of Albert Sanchez and against Defendants Rodolfo Lovato and Tomas Torres for actual damages of $336,000, costs of courts to be determined, additional damages under the Unfair Practices Act for willful and deliberate breach of the provisions of the act, NMSA (1978) 1-057-1-2 through 1-057-1-10 in the amount of $100,000 for a total award of $436,000, plus attorneys fees and costs as determined by the Court (the "Judgment").

17. The Debtors did not disclose the Property, the Warranty Deed or the Transfer in any way whatsoever in their Statements and Schedules filed herein.

**CONCLUSIONS OF LAW**

Plaintiff's case is based on 11 U.S.C. § 544, which provides, in part:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or

Page -6-

any obligation incurred by the debtor that is voidable
by--
(1) a creditor that extends credit to the debtor at the
time of the commencement of the case, and that obtains,
at such time and with respect to such credit, a
judicial lien on all property on which a creditor on a
simple contract could have obtained such a judicial
lien, whether or not such a creditor exists;
(2) a creditor that extends credit to the debtor at the
time of the commencement of the case, and obtains, at
such time and with respect to such credit, an execution
against the debtor that is returned unsatisfied at such
time, whether or not such a creditor exists; or
(3) a bona fide purchaser of real property, other than
fixtures, from the debtor, against whom applicable law
permits such transfer to be perfected, that obtains the
status of a bona fide purchaser and has perfected such
transfer at the time of the commencement of the case,
whether or not such a purchaser exists.
(b)(1) Except as provided in paragraph (2), the trustee
may avoid any transfer of an interest of the debtor in
property or any obligation incurred by the debtor that
is voidable under applicable law by a creditor holding
an unsecured claim that is allowable under section 502
of this title or that is not allowable only under
section 502(e) of this title.

Section 544 enables a trustee, as representative of the

creditors, to avoid any transfer of property avoidable under

state law by an unsecured creditor.  Pereira v. Goldberger (In re

Stephen Douglas, Ltd.), 174 B.R. 16, 19 (Bankr. E.D. N.Y. 1994).

Section 544(b) contains no substantive provisions itself, but

rather incorporates "applicable law."  The applicable law in this

case is New Mexico's Uniform Fraudulent Transfer Act, Section 56-

10-14 et seq. N.M. Stat. Ann.

Section 56-10-18, N.M. Stat. Ann. provides:

 A.  A transfer made or obligation incurred by a debtor
is fraudulent as to a creditor, whether the creditor's
claim arose before or after the transfer was made or

the obligation was incurred, if the debtor made the
transfer or incurred the obligation:
(1) with actual intent to hinder, delay or defraud any
creditor of the debtor; or
(2) without receiving a reasonably equivalent value in
exchange for the transfer or obligation, and the
debtor:
(a) was engaged or was about to engage in a business or
a transaction for which the remaining assets of the
debtor were unreasonably small in relation to the
business or transaction; or
(b) intended to incur, or believed or reasonably should
have believed that he would incur, debts beyond his
ability to pay as they became due.
B.  In determining actual intent under Paragraph (1) of
Subsection A of this section, consideration may be
given, among other factors, to whether:
(1) the transfer or obligation was to an insider;
(2) the debtor retained possession or control of the
property transferred after the transfer;
(3) the transfer or obligation was disclosed or
concealed;
(4) before the transfer was made or obligation was
incurred, the debtor has been sued or threatened with
suit;
(5) the transfer was of substantially all the debtor's
assets;
(6) the debtor absconded;
(7) the debtor removed or concealed assets;
(8) the value of the consideration received by the
debtor was reasonably equivalent to the value of the
asset transferred or the amount of the obligation
incurred;
(9) the debtor was insolvent or became insolvent
shortly after the transfer was made or the obligation
was incurred;
(10) the transfer occurred shortly before or shortly
after a substantial debt was incurred; and
(11) the debtor transferred the essential assets of the
business to a lienor who transferred the assets to an
insider of the debtor.

Section 56-10-19(A), N.M. Stat. Ann. provides:

A transfer made or obligation incurred by a debtor is
fraudulent as to a creditor whose claim arose before
the transfer was made or the obligation was incurred if
the debtor made the transfer or incurred the obligation

Case 07-01051-s   Doc 20   Filed 11/29/07   Entered 11/29/07 16:01:42 Page 8 of 10

without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

Plaintiff has established his case under § 56-10-18(A)(1) and (2) and § 56-10-19(A).

Debtors had an actual intent to "hinder, delay or defraud" creditor Albert Sanchez. The facts demonstrate that the transfer was to an insider and was concealed. Before the transfer was made the Debtors had been sued or threatened with suit. The value of the consideration received was not reasonably equivalent to the value transferred. The Debtors were or became insolvent shortly after the transfer. The transfer is therefore avoidable under § 56-10-18(A)(1).

Similarly, the transfer is avoidable under § 56-10-18(A)(2). The transfer was made without reasonably equivalent value. The Debtors believed or reasonably should have believed that they had or would incur debts beyond their ability to pay as they became due.

Finally, the transfer is avoidable under § 56-10-19(A). Debtors were insolvent or about to become insolvent as a result of the transfer. The transfer was made without receiving a reasonably equivalent value.

Under Bankruptcy Code Section 550, the Trustee may recover the property for the estate. Under Bankruptcy Code Section 551, the avoided transfer is preserved for the benefit of the estate.

Page -9-

**CONCLUSION**

For the reasons set forth above, the Court finds that the Motion for Summary Judgment against Rodolfo Lovato and Lisa Lovato is well taken and should be granted. The deed will be set aside as a fraudulent conveyance. The Trustee shall submit a form of judgment, approved as to form only by counsel for Rodolfo and Lisa Lovato, granting the relief as stated herein, including relief against the defaulting defendants.

Honorable James S. Starzynski
United States Bankruptcy Judge

copies to:

Chris W Pierce
Velarde & Pierce
2531 Wyoming Blvd. NE
Albuquerque, NM 87112

Jason Neal
320 Gold Avenue SW, Suite 900
Post Office Box 8
Albuquerque, NM 87103-0008